# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LANGLEY,<br><br>            Plaintiff,<br><br>    v.<br><br>GARCIA, et al.,<br><br>            Defendants. | Case No. 1:16-cv-01299-SKO (PC)<br><br>**ORDER REQUIRING PLAINTIFF TO EITHER FILE THIRD AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON EXCESSIVE FORCE CLAIMS AGAINST E. GARCIA AND G. COOK**<br><br>**(Doc. 13)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## **INTRODUCTION**

**A.    Background**

      Plaintiff, Randy Langley, is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has stated cognizable claims for excessive force against E. Garcia and G. Cook and may be able to correct the deficiencies in his pleading on other claims. However, this is the last opportunity Plaintiff will be given to amend his pleadings. Plaintiff may either file a third amended complaint correcting the deficiencies, or advise the Court that he is willing to proceed only on the claims found cognizable herein.

/ / /

/ / /

/ /

1

**B.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three bases, a strike is imposed per 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

**C.     Summary of the Second Amended Complaint**

Plaintiff complains of acts that occurred while he was detained at the pretrial facility in Visalia, California. Plaintiff names E. Garcia, G. Cook, and the Tulare County Sheriff Department as defendants in this action and seeks monetary damages.

Plaintiff alleges that in October of 2015, after Garcia placed Plaintiff in mechanical restraints, Cook held Plaintiff's restraints while Garcia began repeatedly punching Plaintiff in the face. Cook then tripped Plaintiff, causing Plaintiff to fall to the ground where Garcia placed his knee on Plaintiff's neck and continued punching Plaintiff in the face. At no time during this

attack did Cook intervene to stop Garcia. Plaintiff states that none of this was justified as Plaintiff was fully restrained, not resisting, and complied with the deputies' verbal commands. Plaintiff alleges that a sergeant was on the first tier at the podium and was aware of these events while they took place on the second tier. Plaintiff also alleges that, at the beginning of these events, Garcia placed the mechanical restraints on Plaintiff's hands so tightly that his wrists, hands, and fingers became so swollen that his "wrist felt broke."

Plaintiff's allegations state a cognizable claim for excessive force against G. Cook and E. Garcia on which he should be allowed to proceed. However, as discussed below, he fails to link the Tulare County Sheriff Department to any of his allegations and fails to show a basis for any municipal liability. Thus, Plaintiff may choose to proceed on the excessive force claims against G. Cook and E. Garcia identified herein, or he may attempt **one last time** to cure the defects in his pleading by filing a third amended complaint.

### D. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Violations of Rule 8, at both ends of the spectrum, warrant dismissal. A violation occurs when a pleading says too little -- the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). The Rule is also violated, though, when a pleading says *too much*. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held -- and we know of no authority supporting the proposition -- that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.") (citing cases); *see also McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir.1996) (affirming a dismissal under Rule 8,

3

and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal,* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

Further, "repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time." *Knapp v. Hogan*, 738 F.3d 1106, 1108-09 (9th Cir. 2013).

### 2. Linkage and Causation

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or

other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Although Plaintiff named the Tulare County Sheriff Department as a defendant, he fails to link this defendant to any of his factual allegations. Further, though Plaintiff states that an acting sergeant of the Sheriff's Department was aware that he was being beaten and failed to take steps to intervene, this individual is not named as a defendant in this action. Plaintiff's allegations must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief against each defendant. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. However, prisoners proceeding *pro se* in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe*, 627 F.3d at 342.

## DISCUSSION

**A.     Plaintiff's Claims**

     **1.     Plaintiff States a Cognizable Excessive Force Claim Against Garcia & Cook**

Plaintiff was a pretrial detainee, in October of 2015, when he was allegedly assaulted by Garcia and Cook. Plaintiff's allegations state a cognizable claim under the Eighth Amendment,

5

which likewise suffices to state a cognizable claim under the more lenient standards of the Fourteenth Amendment applicable to pretrial detainees.

### a. Eighth Amendment

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). The question regarding excessive force claims is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. *Id.* at 9-10; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)).

### b. Fourteenth Amendment

A pretrial detainee need only show that the force a prison official purposely or knowingly used against him was objectively unreasonable and need not show the defendant's subjective state of mind. *Kingsley v. Hendrickson*, --- U.S. ---, 135 S.Ct. 2466, 2472-73 (2015). *Kingsley* rejected the notion that there exists a single "deliberate indifference" standard applicable to all § 1983 claims, whether brought by pretrial detainees or by convicted prisoners. *Castro v. County of Los Angeles,* --- F.3d ---, 2016 WL 4268955, *5 (9th Cir. Aug. 15, 2016). This objective standard applies both to excessive force and failure-to-protect claims. *Id.* at *6.

Plaintiff alleges that, after he was in restraints and fully compliant, Cook held him while Garcia punched Plaintiff in the face. Cook then tripped Plaintiff and took Plaintiff to the ground, where Garcia placed his knee on Plaintiff's neck and continued to punch Plaintiff's face. These allegations suffice to state a cognizable excessive force claim against both E. Garcia and G. Cook under the Eighth Amendment and the Fourteenth Amendment.

/ / /

/ / /

/ /

## 2. Plaintiff's Claim Against The Tulare County Sheriff Department is Not Cognizable

Although 42 U.S.C. § 1983 imposes liability only on "persons" who, under color of law, deprive others of their constitutional rights, the Supreme Court has construed the term "persons" to include municipalities such as Tulare County's Sheriff Department. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). A municipality is responsible for a constitutional violation only when an "action [taken] pursuant to [an] official municipal policy of some nature" caused the violation. *Id.* at 691. This means that a municipality is not liable under § 1983 based on the common-law tort theory of *respondeat superior*. *Id*.

The official municipal policy in question may be either formal or informal. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 131 (1988) (plurality opinion) (acknowledging that a plaintiff could show that "a municipality's actual policies were different from the ones that had been announced"); *id*. at 138 (Brennan, J., concurring) (stating that municipal policies may be formal or informal).

A formal policy exists when "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) (plurality opinion). When pursuing a *Monell* claim stemming from a formal policy, a plaintiff must allege and ultimately prove that the municipality "acted with the state of mind required to prove the underlying violation." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143–44 (9th Cir. 2012) (explaining that the plaintiff must prove that the municipal defendants acted with deliberate indifference, the same standard that a plaintiff has to establish in a § 1983 claim against an individual defendant).

An informal policy, on the other hand, exists when a plaintiff can prove the existence of a widespread practice that, although not authorized by an ordinance or an express municipal policy, is "so permanent and well settled as to constitute a custom or usage with the force of law." *Praprotnik*, 485 U.S. at 127. Such a practice, however, cannot ordinarily be established by a single constitutional deprivation, a random act, or an isolated event. *Christie v. Iopa*, 176 F.3d

1231, 1235 (9th Cir. 1999). Instead, a plaintiff must show a pattern of similar incidents in order for the factfinder to conclude that the alleged informal policy was "so permanent and well settled" as to carry the force of law. *See Praprotnik*, 485 U.S. at 127.

If a formal or informal municipal policy is properly alleged, then a court will next turn to the issue of whether it is sufficiently alleged that the municipal policy violated the plaintiff's constitutional rights. *See Castro v. County of Los Angeles*, 797 F.3d 654, 673 (9th Cir. 2015). Under *Monell*, a local government body can inflict a constitutional injury under § 1983 for policies of inaction as well as policies of action. *See Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1185-86 (9th Cir. 2002). A policy of action is one in which the governmental body itself violates someone's constitutional rights, or instructs its employees to do so; a policy of inaction is based on a governmental body's "failure to implement procedural safeguards to prevent constitutional violations." *Tsao*, 698 F.3d at 1143.

In action cases, a municipality may be liable under § 1983, just as natural persons, because when Congress enacted section 1983 it "intend[ed] municipalities and other local government units to be included among those persons to whom § 1983 applies." *Monell*, 436 U.S. at 689. To show that the municipality violated someone's rights or instructed its employees to do so, a plaintiff can prove that the municipality acted with "the state of mind required to prove the underlying violation," just as a plaintiff does when he or she alleges that a natural person has violated his federal rights. *Board of County Com'rs of Bryan County v. Brown*, 520 U.S. 397, 405 (1994); *Gibson*, 290 F.3d at 1187.

In inaction cases, the plaintiff must show, first, "that [the] policy amounts to deliberate indifference to the plaintiffs constitutional right." *Tsao*, 698 F.3d at 1143 (citations omitted). This requires a showing that the defendant "was on actual or constructive notice that its omission would likely result in a constitutional violation." *Id*. at 1145 (citations omitted); s*ee also Castro*, 797 F.3d at 673; *Gibson*, 290 F.3d at 1194. Second, the plaintiff must show "that the policy caused the violation in the sense that the municipality could have prevented the violation with an appropriate policy." *Tsao*, 698 F.3d at 1143 (citations omitted); s*ee also Castro*, 797 F.3d at 673; *Gibson*, 290 F.3d at 1194.

Plaintiff states no allegations to show any policy -- formal or informal, or of action or inaction -- by the Tulare County Sheriff's Department which contributed to the incident he alleges in this action. It appears that Plaintiff intended to meet one of these standards by alleging that the Tulare County Sheriff's Department acting sergeant was aware of the beating as this person was allegedly at the podium on the first tier and was aware that Plaintiff was being beaten on the second tier, but failed to intervene on Plaintiff's behalf. While this would be cognizable against the individual acting sergeant if Plaintiff had named this individual as a defendant, it is not cognizable against the Tulare County Sheriff's Department as there is no basis to find that this individual failed to intervene on Plaintiff's behalf due to a Tulare County Sheriff's Department policy.

## **CONCLUSION**

Plaintiff is given the choice to proceed on the excessive force claim found cognizable against E. Garcia and G. Cook, dismissing all other claims and Defendants, or to utilize **one final opportunity** to amend his allegations by filing a third amended complaint. Plaintiff must either notify the Court of his decision to proceed on these cognizable claims, or file a third amended complaint within **twenty-one (21) days** of the service of this order. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than **twenty-one (21) days** from the date of service of this order.

If Plaintiff chooses to file a third amended complaint, he is again reminded that he must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The third amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A third amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v.*

9

*Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is cautioned that an amended complaint supercedes all prior complaints filed in an action. *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Court provides Plaintiff with **<u>one last opportunity</u>** to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). However, Plaintiff may not change the nature of this suit by adding new, unrelated claims in a third amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's Second Amended Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **<u>twenty-one (21) days</u>** from the date of service of this order, Plaintiff must either:
    a. file a third amended complaint curing the deficiencies identified by the Court in this order, or
    b. notify the Court in writing that he does not wish to file a third amended complaint and wishes to proceed only on the excessive force claim against E. Garcia and G. Cook as identified by the Court as viable/cognizable in this order, dismissing all other claims and defendants; and

///
///
///
//
//

4. **If Plaintiff fails to comply with this order, it will be recommended that he be allowed to proceed only on the claim found cognizable herein and that all other claims and defendants be dismissed with prejudice**.

IT IS SO ORDERED.

Dated: __**December 5, 2017**__     _____/s/ *Sheila K. Oberto*_____
                                            UNITED STATES MAGISTRATE JUDGE