# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LANGLEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GARCIA, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-01299-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION THAT PLAINTIFF PROCEED ONLY ON EXCESSIVE FORCE CLAIMS AGAINST E. GARCIA AND G. COOK and THAT TULARE COUNTY SHERIFF'S DEPARTMENT AND ALL CLAIMS AGAINST IT BE DISMISSED**<br><br>**(Doc. 17)**<br><br>**TWENTY-ONE DAY DEADLINE** |

## INTRODUCTION

**A. Background**

Plaintiff, Randy Langley, is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff has stated cognizable claims for excessive force against E. Garcia and G. Cook, but his allegations against the Tulare County Sheriff's Department should be dismissed.

**B. Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary

1

relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  If an action is dismissed on one of these three bases, a strike is imposed per 28 U.S.C. § 1915(g).  An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States."  *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

**C.  Summary of the Third Amended Complaint**

Plaintiff complains of acts that occurred while he was detained at the pretrial facility in Visalia, California.  Plaintiff names E. Garcia, G. Cook, and the Tulare County Sheriff's Department as defendants in this action and seeks monetary damages.

Plaintiff alleges that after Deputy E. Garcia placed Plaintiff in mechanical restraints, Deputy G. Cook held Plaintiff's restraints while Garcia began repeatedly punching Plaintiff in the face.  Cook then tripped Plaintiff, causing Plaintiff to fall to the ground where Garcia placed his knee on Plaintiff's neck and continued punching Plaintiff in the face.  At no time during this attack did Cook intervene to stop Garcia.  Plaintiff states that none of this was justified as Plaintiff was fully restrained, not resisting, and compliant with the deputies' verbal commands.  Plaintiff alleges that he had requested to speak to a sergeant, watch commander, or supervisor of the Tulare County Sheriff's Department, but the sergeant instead ordered the deputies to enforce departmental policy.  He alleges the sergeant failed to intervene in the "rogue deputies'

assaultive, malicious, unprovoked behavior." (Doc. 17, p. 4.) Plaintiff then alleges that it is the policy and custom of the Tulare County Sheriff's Office to "assault anyone." (Doc. 17, p. 5.)

Plaintiff's allegations state a cognizable claim for excessive force against G. Cook and E. Garcia on which he should be allowed to proceed. However, as discussed below, he fails to show a basis for any municipal liability for his claims against the Tulare County Sheriff's Department.

### D. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Violations of Rule 8, at both ends of the spectrum, warrant dismissal. A violation occurs when a pleading says too little -- the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). The Rule is also violated, though, when a pleading says *too much*. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held -- and we know of no authority supporting the proposition -- that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.") (citing cases); *see also McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual

3

allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

Further, "repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time." *Knapp v. Hogan*, 738 F.3d 1106, 1108-09 (9th Cir. 2013).

**2. Linkage and Causation**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link,

4

or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff states that a sergeant/watch commander/supervisor of the Sheriff's Department directed Garcia and Cook to "enforce department policy" and that this individual was aware that Plaintiff was being beaten and failed to take steps to intervene. However, this individual is not named as a defendant in this action. Plaintiff's allegations must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

## **DISCUSSION**

**A.     Plaintiff's Claims**

**1.     Excessive Force**

Plaintiff was a pretrial detainee when he was allegedly assaulted by Garcia and Cook. Plaintiff's allegations state a cognizable claim under the Eighth Amendment, which likewise suffices to state a cognizable claim under the more lenient standards of the Fourteenth Amendment applicable to pretrial detainees.

**a.     Eighth Amendment**

The unnecessary and wanton infliction of pain violates the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. *Id.* at 9-10; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)).

**b.     Fourteenth Amendment**

A pretrial detainee need only show that the force a prison official purposely or knowingly used against him was objectively unreasonable and need not show the defendant's subjective state

5

of mind. *Kingsley v. Hendrickson*, --- U.S. ---, 135 S.Ct. 2466, 2472-73 (2015). *Kingsley* rejected the notion that there exists a single "deliberate indifference" standard applicable to all § 1983 claims, whether brought by pretrial detainees or by convicted prisoners. *Castro v. County of Los Angeles,* --- F.3d ---, 2016 WL 4268955, *5 (9th Cir. Aug. 15, 2016). This objective standard applies both to excessive force and failure-to-protect claims. *Id.* at *6.

Plaintiff alleges that, after he was in restraints and fully compliant, Cook held him while Garcia punched Plaintiff in the face. Thereafter Cook tripped Plaintiff and took Plaintiff to the ground, where Garcia placed his knee on Plaintiff's neck and continued to punch Plaintiff's face. These allegations suffice to state a cognizable excessive force claim against both E. Garcia and G. Cook under the Eighth Amendment and the Fourteenth Amendment.

### 2. Tulare County Sheriff's Department

Although 42 U.S.C. § 1983 imposes liability only on "persons" who, under color of law, deprive others of their constitutional rights, the Supreme Court has construed the term "persons" to include municipalities such as Tulare County's Sheriff's Department. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). A municipality is responsible for a constitutional violation only when an "action [taken] pursuant to [an] official municipal policy of some nature" caused the violation. *Id.* at 691. This means that a municipality is not liable under § 1983 based on the common-law tort theory of *respondeat superior*. *Id.*

The official municipal policy in question may be either formal or informal. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 131 (1988) (plurality opinion) (acknowledging that a plaintiff could show that "a municipality's actual policies were different from the ones that had been announced"); *id.* at 138 (Brennan, J., concurring) (stating that municipal policies may be formal or informal).

A formal policy exists when "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) (plurality opinion). When pursuing a *Monell* claim stemming from a formal policy, a plaintiff must allege and ultimately prove that the municipality "acted with the state of mind

6

required to prove the underlying violation." *Tsao v. Desert Palace*, *Inc.*, 698 F.3d 1128, 1143–44 (9th Cir. 2012) (explaining that the plaintiff must prove that the municipal defendants acted with deliberate indifference, the same standard that a plaintiff has to establish in a § 1983 claim against an individual defendant).

An informal policy, on the other hand, exists when a plaintiff can prove the existence of a widespread practice that, although not authorized by an ordinance or an express municipal policy, is "so permanent and well settled as to constitute a custom or usage with the force of law." *Praprotnik*, 485 U.S. at 127. Such a practice, however, cannot ordinarily be established by a single constitutional deprivation, a random act, or an isolated event. *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999). Instead, a plaintiff must show a pattern of similar incidents in order for the factfinder to conclude that the alleged informal policy was "so permanent and well settled" as to carry the force of law. *See Praprotnik*, 485 U.S. at 127.

If a formal or informal municipal policy is properly alleged, then a court will next turn to the issue of whether it is sufficiently alleged that the municipal policy violated the plaintiff's constitutional rights. *See Castro v. County of Los Angeles*, 797 F.3d 654, 673 (9th Cir. 2015). Under *Monell*, a local government body can inflict a constitutional injury under § 1983 for policies of inaction as well as policies of action. *See Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1185-86 (9th Cir. 2002). A policy of action is one in which the governmental body itself violates someone's constitutional rights, or instructs its employees to do so; a policy of inaction is based on a governmental body's "failure to implement procedural safeguards to prevent constitutional violations." *Tsao*, 698 F.3d at 1143.

In action cases, a municipality may be liable under § 1983, just as natural persons are, because when Congress enacted section 1983 it "intend[ed] municipalities and other local government units to be included among those persons to whom § 1983 applies." *Monell*, 436 U.S. at 689. To show that the municipality violated someone's rights or instructed its employees to do so, a plaintiff can prove that the municipality acted with "the state of mind required to prove the underlying violation," just as a plaintiff does when he or she alleges that a natural person has violated his federal rights. *Board of County Com'rs of Bryan County v. Brown*, 520 U.S. 397,

405 (1994); *Gibson*, 290 F.3d at 1187.

In inaction cases, the plaintiff must show, first, "that [the] policy amounts to deliberate indifference to the plaintiffs constitutional right." *Tsao*, 698 F.3d at 1143 (citations omitted). This requires showing that the defendant "was on actual or constructive notice that its omission would likely result in a constitutional violation." *Id*. at 1145 (citations omitted); s*ee also Castro*, 797 F.3d at 673; *Gibson*, 290 F.3d at 1194. Second, the plaintiff must show "that the policy caused the violation in the sense that the municipality could have prevented the violation with an appropriate policy." *Tsao*, 698 F.3d at 1143 (citations omitted); s*ee also Castro*, 797 F.3d at 673; *Gibson*, 290 F.3d at 1194.

Plaintiff states no credible allegations to show the existence of any policy -- formal or informal, or of action or inaction -- by the Tulare County Sheriff's Department which contributed to the incident he alleges in this action. First, Plaintiff alleges it is the policy of the Tulare County Sheriff's Department to "assault anyone;" however, he then contradicts his allegation by stating that "at no time did supervisor intervene in the *rogue* deputies' assaultive, malicious, unprovoked behavior." (Doc. 17, p. 4.) If the deputies were acting in a rogue, aberrant, and abnormal manner such that the supervisor should have intervened, the deputies could not have been acting according to normal custom and policy at the supervisor's direction. Further, Plaintiff's allegation that the alleged assault was at the direction of the sergeant pursuant to Tulare County Sheriff's Department policy appears contrived in light of Plaintiff's previous iterations of his claim. In his First Amended Complaint, Plaintiff makes no mention of any sergeant having commanded the deputies to assault Plaintiff. (Doc. 10, p. 3.) In his Second Amended Complaint, Plaintiff states only that a supervisor was on the floor as the assault took place, and was only "aware of [the] deputies' actions." (Doc. 13, p. 4.)

Moreover, Plaintiff makes no factual assertions that there existed any formal policy, that is, "a deliberate choice to follow a course of action [] made from among various alternatives by the official or officials responsible for establishing that final policy with respect to the subject matter in question." *Pembaur*, 475 U.S. at 483. "'[B]are assertions . . . amount[ing] to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim,' for

8

the purposes of ruling on a motion to dismiss [and thus also for screening purposes], are not entitled to an assumption of truth." *Moss*, 572 F.3d at 969 (quoting *Iqbal*, 556 U.S. at 1951 (quoting *Twombly*, 550 U.S. at 555)). "Such allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.*

Nor does Plaintiff establish the existence of any informal policy. Plaintiff at most demonstrates a single constitutional deprivation or isolated event. He makes no factual allegations that there existed a widespread practice that, although not authorized by ordinance of an express municipal policy, is "so permanent and well settled as to constitute a custom or usage with the force of law." *Praprotnik*, 485 U.S. at 127.

It appears that Plaintiff intended to state an action case based on the sergeant's orders as well as an inaction case based on the sergeant's failure to intervene in the beating. While these would be cognizable against the individual sergeant if Plaintiff had named this individual as a defendant, it is not cognizable against the Tulare County Sheriff's Department as there is no basis to find that this individual acted against Plaintiff or failed to intervene on Plaintiff's behalf due to a Tulare County Sheriff's Department policy, whether formal or informal.

## **CONCLUSION**

Plaintiff's Third Amended Complaint states cognizable claims for excessive force against Defendants Garcia and Cook. Despite specific and detailed information in prior screening orders, Plaintiff fails to state a cognizable claim against the Tulare County Sheriff's Department. It thus appears Plaintiff is unable to cure his allegations against Tulare County Sheriff's Department through amendment, sans fabrication, which renders subsequent leave to amend futile. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Accordingly, based on the foregoing, the Court **RECOMMENDS**:

1. That this action proceed on the Third Amended Complaint against Defendants Garcia and Cook for excessive force; and
2. That the Tulare County Sheriff's Department and all claims against the government entity be dismissed with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 21, 2018**            **/s/ Jennifer L. Thurston**
                                   UNITED STATES MAGISTRATE JUDGE