**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RANDY LANGLEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>E. GARCIA, et al.,<br><br>　　　　　Defendants. | Case No.: 1:16-cv-1299-LJO-JLT (PC)<br><br>ORDER REFERRING THE CASE TO POST-SCREENING ADR PROJECT AND STAYING THE CASE FOR 90 DAYS |

When at least one defendant has been served, the Court is referring all post-screening, civil rights cases filed by pro se inmates to the Post-Screening Alternative Dispute Resolution Project to attempt to resolve cases more quickly and less expensively. Defense counsel from the Office of the California Attorney General has agreed to participate in this pilot project. No defenses or objections are waived by participation.

As set forth in the screening order, the Court has found the plaintiff has stated at least one cognizable civil rights claim. Thus, the Court **STAYS this action for 90 days** to allow the parties to investigate the plaintiff's claims, meet and confer and participate in a settlement conference.

There is a presumption that all post-screening civil rights cases assigned to the undersigned will proceed to settlement conference.[1] However, if after investigating plaintiff's claims

---

[1] If the case does not settle during the stay, Court will set a deadline for the responsive pleading at the conference.

1

and speaking with plaintiff, and after conferring with defense counsel's supervisor, counsel finds in good faith that a settlement conference would be a waste of resources[2], defense counsel may move to opt out of this pilot project.

Notwithstanding the requirements of Local Rule 270(b), the settlement conference will be conducted by Magistrate Judge Thurston. The Court deems the deviation from the Local Rule to be appropriate and in the interests of the parties and justice and sound case management based upon the location of the parties. **If any party prefers that the settlement conference be conducted by a judicial officer who is not assigned to this case, that party is directed to notify the Court in response to this order of this preference** and another judicial officer to be assigned to handle the conference. If all parties to the action have consented to Magistrate Judge jurisdiction, the settlement conference will be reassigned to a different judicial officer.

**Within 35 days**, the assigned Deputy Attorney General **SHALL** contact the Courtroom Deputy Clerk at SHall@caed.uscourts.gov, to schedule the settlement conference. If the settlement conference cannot be set quickly due to the court's calendar, the parties may seek an extension of the initial 90-day stay.

Once the settlement conference is scheduled, <u>at least seven days before</u> the conference, the parties shall submit to the assigned settlement judge a confidential settlement conference statement. The parties' confidential settlement conference statement **SHALL** include:

    a.    A short statement of the facts and alleged damages;

    b.    A short procedural history;

    c.    A frank analysis of the likelihood of liability, including a discussion of the efforts made to investigate the claims;

    d.    A discussion of the efforts that have been made to settle the case;

    e.    To the extent that Doe Defendants are named and their identities can be ascertained, defense counsel shall indicate the names of the Doe Defendants; and,

    b.    Defense counsel shall indicate whether he/she knows of the location of the defendants;

---

[2] By way of guidance, if the defense intends to file an exhaustion motion and believes in good faith that it has a significant chance of success, this would be a likely circumstance where the opt-out provision should be employed.

Based upon the foregoing, the Court **ORDERS**:

1. <u>This action is **STAYED** for 90 days</u> to allow the parties an opportunity to settle their dispute before a responsive pleading is filed, or the discovery process begins. No other pleadings or other documents may be filed in this case during the stay. The parties **SHALL NOT** engage in formal discovery, but they may jointly agree to engage in informal discovery.

2. <u>**Within 30 days from the date of this order**</u>, the parties **SHALL** file the attached notice, indicating their agreement to proceed to an early settlement conference or whether they believe settlement is not achievable at this time. In addition, they **SHALL** indicate whether they object to the undersigned conducting the settlement conference.

3. <u>**Within 35 days from the date of this order**</u>, the assigned Deputy Attorney General **SHALL** contact this court's Courtroom Deputy Clerk at SHall@caed.uscourts.gov, to schedule the settlement conference;

4. Each party shall submit a confidential settlement conference statement **<u>so it is received at least seven days before</u>** the settlement conference.

The plaintiff **SHALL** mail his/her confidential settlement conference statement to:

United States Courthouse
510 19th Street, Suite 200
Bakersfield, CA 93301

Counsel **SHALL** lodge the defendant's confidential settlement conference statement via email to JLTOrders@caed.uscourts.gov.

If a different judge is conducting the conference, the Clerk of the Court will forward the unread settlement conference statements to the correct judge;

5. If the parties settle their case during the stay of this action, they **SHALL** file a Notice of Settlement as required by Local Rule 160;

6. The Clerk of the Court **SHALL** serve via email, copies of: a. the Third Amended Complaint (Doc. 17), b. the screening orders (Docs. 19, 20), and c. this order to Supervising Deputy Attorney General Christopher Becker, <u>and</u> copy of this order to ADR Coordinator Sujean Park;

7. <u>The parties are reminded of their obligation to keep the court informed of any changes of addresses during the stay and while the action is pending</u>. Changes of address must be reported

promptly in a separate document entitled "Notice of Change of Address." *See* L.R. 182(f).

IT IS SO ORDERED.

    Dated: **October 26, 2018**     **/s/ Jennifer L. Thurston**
                                                                UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LANGLEY,<br><br>        Plaintiff,<br><br>    v.<br><br>GARCIA, et al.,<br><br>        Defendants. | Case No.: 1:16-cv-1299-LJO-JLT (PC)<br><br>NOTICE REGARDING EARLY SETTLEMENT CONFERENCE |

As required by the Court's order:

1. The party or counsel for the party signing below, agrees that there is a good chance that an early settlement conference will resolve this action and wishes to engage in an early settlement conference.

        Yes  \_\_\_\_        No  \_\_\_\_

2. The party or counsel for the party signing below, agrees the assigned Magistrate Judge may conduct the settlement conference.

        Yes  \_\_\_\_        No  \_\_\_\_

///

///

///

///

      3.      The plaintiff (Check one):

      \_\_\_\_\_ Would like to participate in the settlement conference in person, OR

      \_\_\_\_\_ Would like to participate in the settlement conference by video conference.

Dated:

                                                                                        Plaintiff or Counsel for Defendants