# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LANGLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>E. GARCIA, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01299-LJO-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL WITHOUT PREJUDICE**<br><br>(Doc. 33) |

On April 11, 2019, Plaintiff filed a motion to compel discovery responses. (Doc. 33.) Defendants filed an opposition, to which Plaintiff replied. (Docs. 34, 35.) The Court deems the motion to be submitted. L.R. 230(l).

In his motion, Plaintiff states that he served the discovery in question on Defendants on February 28, 2019. (Doc. 33.)[1] Plaintiff signed his motion on April 7, 2019. (*Id.*) Since he had not received Defendants' responses by that date, Plaintiff contended they failed to timely respond to his discovery and requested all his discovery be deemed admitted. (*Id.*) In opposition, Defendants seek sanctions and state that the 45 days to respond to Plaintiff's discovery had not lapsed when Plaintiff filed his motion on April 11, 2019; but even so, all responses were

---

[1] Plaintiff also states that they were received by the Court on March 7, 2019. However, nothing of the sort is reflected on the docket and if Plaintiff sent discovery to the Court, it would have been returned by the Clerk's Office. Discovery shall only be filed when required by Local Rules 250.2, 250.3, and 250.4 or otherwise ordered by the Court. (*See* Doc. 32, p. 1.)

1

completed and placed in the mail that same day, hours before Plaintiff's motion was filed. (Doc. 34.) In reply, Plaintiff states that he has initiated a "Meet and Confer" with counsel and requests the Court to allow the parties opportunity to resolve the dispute. (Doc. 35.)

As stated in the Discovery and Scheduling, "[r]esponses to written discovery requests shall be due 45 days after the request is first served." (Doc. 32, p. 2.) The parties agree that Plaintiff served his discovery requests on February 28, 2019.[2] Thus, the last day for Defendants to serve their responses was April 14, 2019. Defendants' responses were timely since they were served on April 11, 2019. Thus, Plaintiff cannot meet the burden required for his motion to compel or to deem that Defendants have admitted his requests.

Defendants request sanctions because Plaintiff filed his motion before their responses were due. Rule 37 of the Federal Rules of Civil Procedure, "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R.J. Reynolds Indus., Inc.,* 709 F.2d 585, 589 (9th Cir. 1983); *see also* Fed. R. Civ. P. 41(b); Local Rule 110. Specifically, Defendants seeks sanctions under Rule 37(b)(2). (*See* Doc. 34.)

While Rule 37(b) provides sanctions for failure to comply with a court order, it finds sanctionable conduct which fails to comply with orders: (1) compelling appearance for deposition (F.R.C.P. 37(b)(1)); (2) compelling a party to provide or permit discovery (F.R.C.P. 37(b)(2)(A)); and (3) compelling production of another person for examination (F.R.C.P. 37(b)(2)(B)). In other words, Rule 37(b) sanctions apply where a party has filed a motion to compel which has been granted and, thereafter, the opposing party fails to comply with the order that granted the motion to compel -- not for errantly filing a motion to compel in the first instance, which is all that occurred here. Similarly, Defendants fail to meet the standards for imposition of sanctions under Rules 11 or 41(b), or under the Court's inherent powers -- none of which apply here.

---

[2] Service is complete upon mailing. Fed. R. Civ. Pro. 5(b)(2)(C). Under the prison mailbox rule, service is deemed complete on the date the prisoner delivers discovery requests to prison authorities for mailing. *See Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) (quoting *Houston v. Lack*, 487 U.S. 266, 270 (1988)).

2

Accordingly, the Court **ORDERS** that Plaintiff's motion to compel discovery responses, filed April 11, 2019 (Doc. 33), and Defendants' request for sanctions in opposition thereto, are DENIED without prejudice.

IT IS SO ORDERED.

Dated: __**May 22, 2019**__          __**/s/ Jennifer L. Thurston**__
                                                                         UNITED STATES MAGISTRATE JUDGE