1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LANGLEY, | Case No. 1:16-cv-01299-LJO-JLT (PC) |
| Plaintiff, | **ORDER AMENDING DISCOVERY AND SCHEDULING ORDER** |
| v. | (Docs. 32, 37) |
| GARCIA, et al., | Discovery Cut-Off: 09/16/2019 |
| Defendants. | Dispositive Motion Deadline: 11/19/2019 |

## I.      Background

Plaintiff, Randy Langley, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. The current Discovery and Scheduling Order issued on January 16, 2019 and set April 16, 2019 as the deadline to file exhaustion motions; May 16, 2019 as the deadline to amend pleadings; June 16, 2019 as the discovery cut-off date; and August 19, 2019 as the deadline to file dispositive motions. (Doc. 32.) On June 3, 2019, Plaintiff filed a motion requesting to either stay the action, or extend all pending deadlines by 60 days. (Doc. 37.) Plaintiff states that this is necessary because he was transferred from SCC to VSP on May 18, 2019 without any of his property or legal documents, where he remains with no clear indication when he will be transferred back to SCC. (*Id.*) Despite lapse of more than the allowed time, Defendants have not filed an opposition. The motion is deemed submitted. L.R.

1

230 (*l*).

## II.    Stay of Proceedings

A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co*., 299 U.S. 248, 254 (1936); *see also Gold v. Johns-Manville Sales Corp*., 723 F.2d 1068, 1077 (3d Cir.1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. In determining whether a stay is warranted, courts consider the potential prejudice to the non-moving party; the hardship or inequity to the moving party if the action is not stayed; and the judicial resources that would be saved by simplifying the case or avoiding duplicative litigation if the case before the court is stayed. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.1962). The Ninth Circuit "has sustained or authorized in principle *Landis* stays on several occasions," *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1110 (9th Cir.2005), none of which apply here. The Court finds no basis to warrant staying the action at this time, particularly where a mere extension of the pending deadlines should obviate any hardship or inequity to Plaintiff occasioned by his extended retention at VSP.

## III.    Modification of Scheduling Order

Federal Rule of Civil Procedure 16(b) requires a party to show good cause to modify the schedule of the case. Rule 16(b)'s good cause standard focuses primarily on the diligence of the moving party, *id*., and the reasons for seeking modification, *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist*., 654 F.3d 975, 984 (9th Cir.2011). If the party seeking to amend the scheduling order fails to show due diligence, the inquiry should end and the court should not grant the motion to modify. *Zivkovic v. Southern California Edison, Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

/ / /

The Court finds Plaintiff has exercised due diligence and has even already filed a motion to compel responses to his discovery. (*See* Docs. 33, 37.) The Court also finds that Plaintiff's reasons for seeking modification, his transfer from SCC to VSP without his property and legal documents with no known date when he will be transferred back to SCC, justify modifying the Discovery and Scheduling Order by extending the remaining pending deadlines. Deadlines which lapsed before Plaintiff filed his motion (i.e. for exhaustion motions and to amend pleadings) need not be extended.

**IV.    Order**

Accordingly, the Court **ORDERS**:

(1)    To the extent Plaintiff's motion (Doc. 37) seeks a stay of this action, it is DENIED;

(2)    To the extent Plaintiff's motion (Doc. 37) seeks to extend dates to modify the scheduling order, it is **GRANTED** and the Discovery and Scheduling Order is AMENDED as follows:

a.    the deadline for completion of all discovery, including filing motions to compel is extended to September 16, 2019;

b.    the deadline for filing pre-trial dispositive motions is extended to November 19, 2019; and

(2)    other than the above modification of deadlines, all requirements of the January 16, 2019 Discovery and Scheduling Order (Doc. 32) remain in effect.

IT IS SO ORDERED.

Dated:    __**July 18, 2019**__                    _____**/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE