# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LANGLEY,<br><br>        Plaintiff,<br><br>    v.<br><br>E. GARCIA; G. COOK,<br><br>        Defendants. | Case No.: 1:16-cv-01299-LJO-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL AND DIRECTING PLAINTIFF TO SHOW CAUSE WHY AWARD OF EXPENSES SHOULD NOT BE IMPOSED**<br><br>(Docs. 39, 41) |

Before the Court are Plaintiff's motions to compel discovery responses. In his first motion, Plaintiff requests "production of original video/audio tapes/CDs/electronically stored evidence." (Doc. 39.) The court construes this as a motion to compel under Federal Rule of Civil Procedure 37. In his second motion, Plaintiff seeks an order compelling Defendants' responses to requests for production.[1] (Doc. 41.) Although Plaintiff attempts to bring this motion under Rule 26, (*see id.* at 1), the Court construes it as a motion brought under Rule 37. Defendants filed oppositions to the motions on August 5, 2019, and August 26, 2019. (Docs. 40, 42.) Plaintiff has not filed a reply to either opposition, and the time to do so has passed. *See* Local Rule 230(l). For the reasons set forth below, the Court denies Plaintiff's motions.

---

[1] Plaintiff also seeks an extension of time in his second motion. (*See* Doc. 41 at 1, 3.) Plaintiff does not state what specific deadline he wishes to postpone, (*see id.*); thus, the Court is unsure for what matter Plaintiff seeks additional time. In any event, the Court granted Plaintiff's request for a stay on October 28, 2019, staying all proceedings in this action until February 14, 2020. (Doc. 45.) The Court, therefore, denies Plaintiff's request for an extension of time as moot.

## I. LEGAL STANDARDS

Parties may seek "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." Fed. R. Civ. P. 26(b)(1). Information "need not be admissible in evidence to be discoverable." *Id.* Within this general scope, a party may serve on any other party an interrogatory or a request to produce documents, electronically stored information, or tangible things that are in the responding party's possession, custody, or control. Fed. R. Civ. P. 33(a), 34(a)(1). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." *Allen v. Woodford*, No. 1:05-cv-01104-OWW-LJO, 2007 WL 309945, at *2 (E.D. Cal. 2007) (citation omitted). The responding party must reply to the interrogatory or request within 30 days after being served. Fed. R. Civ. P. 33(b), 34(b)(2). The responding party must answer each interrogatory or state that he will produce the requested documents, information, or things; or, the party must "state with specificity" the grounds for objecting to the interrogatory or request. *Id.*

If a party fails to answer to an interrogatory or to produce documents as requested, the party seeking discovery may file a motion with the Court to compel a response. Fed. R. Civ. P. 37(a)(3)(B). The moving party must "state the relief sought" and provide "with particularity the grounds for seeking" the relief. Fed. R. Civ. P. 7(b)(1). Generally, the moving party must certify that she has conferred or attempted to confer in good faith with the responding party to resolve the dispute without court action. Fed. R. Civ. P. 37(a)(1); Local Rule 251(b). However, in prisoner cases involving *pro se* plaintiffs, the meet-and-confer requirements of Rule 37 and Local Rule 251 do not apply, though they are still encouraged. (*See* Doc. 32 at 2.)

## II. DISCUSSION

### a. Plaintiff's Motions to Compel

In February 2019, Plaintiff served on Defendants interrogatories, requests for production, and requests for admission. (Doc. 42 at 2.) Defendants timely responded to Plaintiff's discovery requests in April 2019. (*Id.*; *see also* Doc. 36 at 1.)

In supplemental responses, Defendants provided Plaintiff with a compact disc (CD)

containing seven videos of the incident underlying this action. (Myers Decl. No. 1, ¶ 2, Doc. 40-1 at 1.) Plaintiff concedes that he received the CD, but "[i]t is [his] belief [c]ounsel … and/or defendants deliberately distorted images in order to prevent proper viewing." (Doc. 39 at 2.) Plaintiff further contends that the defense "knowingly withheld" additional security footage. (*Id.*) Plaintiff requests that the Court order Defendants to provide the Court "the original security footage, in its original form," as well as the footage allegedly withheld, "for veiwing [sic] to determine the validity and authenticity" of the videos. (*Id.* at 2-3.)

In his sworn declaration, Tulare County Assistant Sheriff Keith Douglass states that he provided Tulare County Counsel with all videos of the incident that he found while conducting a diligent search. (Douglass Decl., ¶¶ 3-4, 7-8, Doc. 40-2 at 2.) He states that he produced the videos in their original format, and none were manipulated or distorted. (*Id.*, ¶¶ 5-6.) In her sworn declaration, Defendants' counsel, Amy Myers, states that she placed the videos on a CD, per the instructions of Valley State Prison, and her office produced the videos in their original format. (Myers Decl. No. 1, ¶¶ 3-5, Doc. 40-1 at 2.) She states that neither she nor anyone in her office manipulated or distorted the videos. (*Id.*, ¶ 5.) Plaintiff did not file a reply to Defendants' opposition and supporting declarations.

In his second motion, Plaintiff requests the following "information withheld": "security footage in [its] original state unedited," two additional "camera positions," and internal affairs (IA) investigation reports regarding the incident underlying this action. (Doc. 41 at 1.) In their opposition, Defendants state that they "fully responded to each of Plaintiff's demands and produced all records in their possession, custody and control." (Doc. 42 at 2.) Plaintiff again did not file a reply to Defendants' opposition and supporting declaration.

Defendants argue that Plaintiff does not provide "the basis of his allegations that Defendants have purposefully altered and/or withheld evidence, nor how Defendants have been evasive or noncompliant." (Doc. 42 at 6.) The Court agrees. In his first motion, Plaintiff provides no facts to support his allegations that Defendants distorted the videos they produced and withheld additional footage of the incident, and he provides no evidence to counter the declarations of Ms. Myers and Mr. Douglass. Plaintiff simply states that it "is [his] belief" that

3

videos were altered or withheld to "discredit [his] case." (*See* Doc. 39 at 2.) Such self-serving belief is inadequate for a motion to compel.

In his second motion, Plaintiff again provides no facts or evidence to support his allegations that Defendants altered videos and withheld footage and IA reports. Moreover, Plaintiff does not include with his motion Defendants' responses to the discovery requests at issue, nor does he contend that such responses were evasive. Rather, Plaintiff simply asserts that Defendants withheld videos and reports, without stating the grounds for such assertions. (*See* Doc. 41 at 1.) Such bare assertions, without more, are inadequate for a motion to compel. *See Daniel F. v. Blue Shield of California*, 305 F.R.D. 115, 122–23 (N.D. Cal. 2014) ("The court does not consider any arguments based on factual assertions that are unsupported by evidence.")

**b. Defendants' Requests for Attorney's Fees**

Defendants request that Plaintiff pay the reasonable expenses incurred in opposing Plaintiff's motions, pursuant to Federal Rule of Civil Procedure 37(a)(5). (Doc. 40 at 4-5; Doc. 42 at 10-11.) Defendants' counsel states that her hourly rate is $110, and that she expended 4 hours preparing Defendants' opposition to Plaintiff's first motion and 8 hours preparing their opposition to Plaintiff's second motion. (Myers Decl. No. 1, ¶ 8, Doc. 40-1 at 2; Myers Decl. No. 2, ¶ 9, Doc. 42-1 at 2-3.) Defendants thus request $1,320 in reasonable expenses. (*See* Doc. 40 at 5; Doc. 42 at 11; Defs.' Mem. of Costs., Doc. 42-2.)

Rule 37 provides that, if the Court denies a motion to compel, it "*must*, after giving an opportunity to be heard, require the movant … to pay the party … who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B) (emphasis added). Thus, because the Court denies Plaintiff's motions to compel, an award of costs is mandatory, unless the Court finds that Plaintiff's motions were "substantially justified or other circumstances make an award of expenses unjust." *Id.* Accordingly, the Court will provide Plaintiff an opportunity to be heard before deciding whether an award of costs is mandated.

///

///

4

## III. CONCLUSION AND ORDER

For the reasons set forth above, the Court **ORDERS**:

1. Plaintiff's motions to compel discovery responses, (Docs. 39, 41), are **DENIED**;
2. Plaintiff shall show cause by **February 14, 2020**,[2] why an award of expenses should not be imposed.

IT IS SO ORDERED.

Dated: **January 7, 2020**      **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

---

[2] The present stay of this action will be lifted on February 14, 2020. (*See* Doc. 45.)