UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LANGLEY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>E. GARCIA; G. COOK,<br><br>　　　　　　Defendants. | Case No.: 1:16-cv-01299-NONE-JLT (PC)<br><br>**ORDER GRANTING DEFENDANTS' REQUESTS FOR REASONABLE EXPENSES** |

On January 7, 2020, the Court denied Plaintiff's motions to compel (Docs. 39, 41) and ordered Plaintiff to show cause why an award of expenses should not be imposed. (Doc. 47.) The Court granted Plaintiff until February 14, 2020, to file a response. (*Id.*) On February 18, 2020, the Court granted Plaintiff an additional 30 days to respond. (Doc. 51.) Although more than the allowed time has passed, Plaintiff has not filed a response to the order to show cause. Accordingly, and for the reasons set forth below, the Court grants Defendants' requests for an award of expenses (Docs. 40, 42).

I. **LEGAL STANDARDS**

Federal Rule of Civil Procedure 37 provides that, if a court denies a motion to compel, it "*must*, after giving an opportunity to be heard, require the movant … to pay the party … who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B) (emphasis added). However, "the court must not order this

payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.*

A party's *pro se* or *in forma pauperis* status does not shield him from an award of expenses. *See Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994). However, a court may not enforce a sanction that a party is unable to perform. *See Thomas v. Gerber Prods.*, 703 F.2d 353, 357 (9th Cir. 1983).

**II.  DISCUSSION**

Defendants request the expenses that they incurred in opposing Plaintiff's two motions to compel. (Doc. 40 at 4-5; Doc. 42 at 10-11.) Defendants' counsel states that her hourly rate is $110, and that she expended 4 hours preparing Defendants' opposition to Plaintiff's first motion and 8 hours preparing the opposition to his second motion. (Myers Decl. No. 1, ¶ 8, Doc. 40-1 at 2; Myers Decl. No. 2, ¶ 9, Doc. 42-1 at 2-3.) Defendants thus request $440 and $880 in attorney's fees, or $1,320 in total. (*See* Doc. 40 at 5; Doc. 42 at 11; Defs.' Mem. of Costs., Doc. 42-2.)

In its order denying Plaintiff's motions to compel, the Court found that Plaintiff provided no facts or evidence to support the allegations in his motions. (*See* Doc. 47 at 3-4.) Plaintiff's motions were instead based on self-serving beliefs and bare assertions. (*Id.*) Thus, Plaintiff was not substantially justified in bringing the motions, and the Court finds no reason why an award of expenses would be unjust. Given that Plaintiff received an opportunity to be heard (though he neglected to take advantage of it, an award of expenses is mandatory. Fed. R. Civ. P. 37(a)(5)(B).

The Court finds that Defendants' request for $1,320 in attorney's fees is reasonable; thus, the Court will order Plaintiff to pay Defendants $1,320 in expenses. However, given Plaintiff's *in forma pauperis* status, the Court will stay this order until a showing is made that Plaintiff is able to pay these costs. *See Thomas*, 703 F.2d at 357.

///
///
///
///
///

## III. CONCLUSION AND ORDER

For the reasons set forth above, the Court **ORDERS**:

1. Defendants' requests for reasonable expenses in the amounts of $440 (Doc. 40) and $880 (Doc. 42) are GRANTED[1].

IT IS SO ORDERED.

Dated: __**March 30, 2020**__  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE

---

[1] However, if the plaintiff fails to pay, the Court will not entertain any motion for further sanctions, including terminating sanctions, absent a showing the plaintiff has the ability to pay.