UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LANGLEY, | Case No. 1:16-cv-01299-JLT (PC) |
| Plaintiff, | **ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDER** |
| v. | |
| E. GARCIA, G. COOK, | |
| Defendants. | |

On October 13, 2020, the Court issued a Second Scheduling Order, which directed Plaintiff and Defendants to file pretrial statements by April 26 and May 17, 2021, respectively, pursuant to Local Rule 281. (Doc. 67.) The order also directed Plaintiff to file a motion for the attendance of incarcerated witnesses, and to notify the Court of the attendance of unincarcerated witnesses whom he intends to subpoena, by April 26, 2021. (*Id.* at 5.) The Court warned that "[f]ailure to comply with the . . . order or the Local Rules may result in the imposition of sanctions up to and including dismissal of this action." (*Id.* at 1.) Although the April 26 deadline has passed, Plaintiff has failed to file a pretrial statement, to request or notify the Court of witnesses, or to otherwise respond to the scheduling order.

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."

Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, **no later than June 4, 2021**, the Court **ORDERS** Plaintiff to show cause in writing why this action should not be dismissed for his failure to comply with the Court's Second Scheduling Order. Alternatively, within that same time, Plaintiff may file a pretrial statement pursuant to the order and Local Rule 281. **Failure to comply with this order will result in a recommendation that this action be dismissed for failure to obey court orders.**

IT IS SO ORDERED.

Dated: **May 18, 2021**  /s/ Jennifer L. Thurston
CHIEF UNITED STATES MAGISTRATE JUDGE