# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LANGLEY,<br><br>       Plaintiff,<br><br>   v.<br><br>E. GARCIA, et al.,<br><br>       Defendants. | Case No.: 1:16-cv-01299-BAK (HBK)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE<br><br>(Doc. No. 96) |

Plaintiff Randy Langley is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983 against Defendants E. Garcia and G. Cook, asserting excessive force claims arising under the Eighth and Fourteenth Amendments to the United States Constitution, occurring while Plaintiff was a pretrial detainee.

**I.     DISCUSSION**

On August 12, 2022, Plaintiff filed a Motion for Appointment of Counsel. (Doc. 96.) Plaintiff contends prescribed medications "buprenorphine and naloxone (suboxone, zubsolu)" cause side effects that leave him "impaired throughout the day" and affect his "day to day functions." (*Id*. at 2.) Plaintiff declares he is "no longer able to litigation [his] case properly" as a result. (*Id*.)

//

1

Plaintiffs do not have a constitutional right to appointed counsel in § 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998). Additionally, the Court cannot require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

In the present case, the Court does not find the required exceptional circumstances have been established. While Plaintiff references prescribed medication side effects that impair his ability to function on a daily basis, Plaintiff has provided insufficient information and evidence for the Court's consideration. Plaintiff has not identified what the prescribed medications are intended to treat—the Court presumes the referenced medications may treat mental or emotional disorders—nor has Plaintiff shown these medications have in fact been prescribed or that those prescribed medications may involve incapacitating side effects.

Plaintiff's physical and mental conditions alone are insufficient to warrant the appointment of counsel. The Court notes that, while an incapacitating mental disability may warrant the appointment of counsel in some cases, there must exist some "nexus" between the pro se litigant's mental disorder and his "ability to articulate his claims." *McElroy v. Cox*, Civil Case No. 3:08-cv-01221-JM-AJB, 2009 WL 4895360 at *2-3 (E.D. Cal. Dec. 11, 2009) (evidence submitted to establish nexus; counsel appointed).

The Court acknowledges Plaintiff's concern about his ability to litigate his case particularly where the trial in this matter has now been set for November 15, 2022.  Nevertheless, Plaintiff must offer the Court more information and evidence to support his request for the appointment of counsel. Plaintiff must show a nexus between any physical or mental disorder and Plaintiff's ability to articulate his claims. Plaintiff may wish to renew his request to the Court by submitting a motion accompanied by

additional information and evidence, and addressing the required nexus noted above, allowing for proper consideration of Plaintiff's request.

ACCORDINGLY, it is hereby ORDERED:

Plaintiff's motion for the appointment of counsel (Doc. 96) is DENIED without prejudice.

Dated:   August 25, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE